DAVIS (GARROW v.). See Case No. 5,257.

## Case No. 3,637.

### DAVIS v. GEORGETOWN BRIDGE CO.

[1 Cranch, C. C. 147.] [1]

Circuit Court, District of Columbia. Dec. Term, 1803.

ASSUMPSIT AGAINST CORPORATION—ACCOUNT STATED—EVIDENCE.

Indebitatus assumpsit will lie against a corporation aggregate upon an account stated by their treasurer, without examining him as a witness.

Indebitatus assumpsit for work and labor by the plaintiff [Thomas Davis] as a blacksmith; plea, non assumpsit and issue. 1st count, a certain sum. 2d, quantum meruit. 3d, insimul computasset. The plaintiff produced an account stated, and proved it to be in the handwriting of Walter Smith, the treasurer of the company, and certified by the three directors, Templeman, Lowndes, and Deakins.

Mr. Mason, for defendants, objected to the reading of the account to the jury as evidence, because Walter Smith was a competent witness, and his testimony could be procured. That the best evidence ought to be had; although the account is in the handwriting of Walter Smith, yet that does not authorize the reading of the account. The account is certified by Templeman, Lowndes, and Deakins, but it is not proved that they were directors; nor that Smith was treasurer at that time; and if he was, he had no right to bind the company. Mr. Mason also contended that the company cannot assume by parol; and cited Bac. Abr. tit. "Corporation," D, p. 8.

Mr. Morsell, contra. The objection does not go to the merits of the case. Every corporation aggregate has the power of appointing all necessary officers. Bac. Abr. tit. "Corporation," E; Rex v. Bigg, 3 P. Wms. 419. The Bank of England has no express power to issue notes; nor has the Bank of Columbia, nor the Bank of Baltimore, nor any of the banks of the United States. Assumpsit lies

against a corporation, upon an implied promise. Imp. Mand. 85.

THE COURT (nem. con.) permitted the account to be read in evidence; and instructed the jury that if they should be of opinion from the evidence that the account was stated in the handwriting of Walter Smith, and that he was the treasurer, or authorized to settle their accounts, the account was proper evidence in support of the issue. And that if they should also be of opinion that Templeman, Lowndes and Deakins were directors at the time of certifying the account, or were the authorized agents of the company for the purpose of making contracts, their signature of the account was also proper evidence in support of the issue.